UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GABRIEL PEEPLES,

        Plaintiff,

v.

CLINICAL AND SUPPORT OPTIONS, INC.,

        Defendant.

Civil Action No.: 3:20-cv-30144-KAR

## DEFENDANT'S ANSWER TO COMPLAINT

### Jurisdiction and Venue

1. No answer to this introductory Paragraph is required.

2. Admitted.

3. Admitted.

4. Admitted.

### Parties

5. CSO cannot admit or deny this allegation because it has insufficient knowledge of Plaintiff's current residential address.

6. Admitted.

7. CSO admits that it operates in Massachusetts.

8. Admitted.

9. Admitted.

10. Admitted.

11. CSO cannot admit or deny this allegation because it has insufficient knowledge of the allegations in Paragraph 11, and, thus, leaves Plaintiff to their proof.

12. CSO cannot admit or deny this allegation because it has insufficient knowledge of the allegations in Paragraph 12, and, thus, leaves Plaintiff to their proof.

## Factual Allegations

13-34. CSO cannot admit or deny the allegations in Paragraphs 13-34, inclusive, because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

35. Admitted.

36. Admitted.

37. Admitted.

38-52. CSO cannot admit or deny the allegations in Paragraphs 38-52, inclusive, because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. CSO cannot admit or deny the allegations in Paragraph 60 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

61. CSO cannot admit or deny the allegations in Paragraph 61 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

62. CSO cannot admit or deny the allegations in Paragraph 62 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

63. CSO cannot admit or deny the allegations in Paragraph 63 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

64. Admitted.

65. CSO cannot admit or deny the allegations in Paragraph 65 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

66. CSO cannot admit or deny the allegations in Paragraph 66 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

67. Admitted.

68. CSO admits that Peeples performance during the time that he teleworked was satisfactory under the circumstances.

69. Denied

70. CSO cannot admit or deny the allegations in Paragraph 70 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

71. CSO cannot admit or deny the vague allegations in Paragraph 71 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

72. CSO cannot admit or deny the vague allegations in Paragraph 72 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

73. Admitted.

74. Admitted.

75. CSO denies that Ms. Walters said a doctor's note should suffice as that was not her decision to make.

76. Admitted.

77. Admitted.

78. Denied.

79. CSO denies the allegation about "updated requirements about specific language" but admits the remaining allegations.

80. Admitted.

81. Admitted.

82. Admitted.

83. Admitted.

84. Admitted.

85. Admitted.

86. Admitted.

87. CSO cannot admit or deny the allegations in Paragraph 87 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

88. CSO cannot admit or deny the vague allegations in Paragraph 88 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

89. Denied.

90. CSO cannot admit or deny the vague allegations in Paragraph 90 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. CSO cannot admit or deny the allegations in Paragraph 95 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

96. Denied.

97. Admitted.

98. Admitted.

99. Admitted.

100. Admitted.

101. Admitted.

102. CSO admits only that Ms. Walter's stated to Peeples that their on-site duties would include, but not be limited to, duties Peeples performed while teleworking.

103. Admitted.

104. Admitted.

105. Admitted.

106. Admitted.

107. Admitted.

108. Admitted.  Further answering, Ms. Walters' email should have indicated that the offered masks were of the KN95 type, not N95.

109. Admitted.

110. CSO cannot admit or deny the vague allegations in Paragraph 110 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

111. Admitted.

112. Admitted.

113. Admitted.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. CSO cannot admit or deny the vague allegations in Paragraph 118 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

119. Denied.

120. CSO cannot admit or deny the vague allegations in Paragraph 120 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

121. CSO cannot admit or deny the vague allegations in Paragraph 121 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

122. Admitted.

123. Admitted.

124. Denied.

125. Admitted.

126. CSO cannot admit or deny the vague allegations in Paragraph 126 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

127. CSO admits that it provided Peeples with KN95 masks, but cannot admit or deny the remaining allegations in Paragraph 127 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

128. Denied.

129. CSO cannot admit or deny the allegations in Paragraph 129 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

130. Denied.

131. CSO cannot admit or deny the allegations in Paragraph 131 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

132. Denied.

133. CSO cannot admit or deny the allegations in Paragraph 133 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

134. CSO cannot admit or deny the allegations in Paragraph 134 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

135. CSO cannot admit or deny the allegations in Paragraph 135 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

136. CSO cannot admit or deny why Peeples claims to be vigilant about wearing a mask "while in the building", but it admits the remaining allegations in Paragraph 136.

137. CSO cannot admit or deny the allegations in Paragraph 137 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

138. CSO cannot admit or deny the allegations in Paragraph 138 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

139. CSO cannot admit or deny the allegations in Paragraph 139 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

140. CSO cannot admit or deny the allegations in Paragraph 140 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

141. CSO cannot admit or deny the allegations in Paragraph 141 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

142. CSO cannot admit or deny the allegations in Paragraph 142 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

143. CSO cannot admit or deny the allegations in Paragraph 143 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

144. CSO cannot admit or deny the allegations in Paragraph 144 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

145. Admitted.

146. CSO cannot admit or deny the allegations in Paragraph 146 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

147. Admitted.

148. Admitted.

149. Admitted.

150. Admitted.

151. Admitted.

152. Denied.

153. CSO admits that Peeples mentioned confidentiality concerns and that others had walked into their work space without masks on, but denies the remaining allegations.

154. Admitted.

155. CSO denies the allegation in Paragraph 155 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

156. Admitted.

157. Denied.

158. CSO admits that it did not specifically state to Peeples that their continued teleworking created an undue burden on CSO, but denies the remaining allegations in Paragraph 158.

159. CSO cannot admit or deny the allegations in Paragraph 159 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

160. Admitted.

161. CSO cannot admit or deny the allegations in Paragraph 161 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

162. CSO cannot admit or deny the allegations in Paragraph 162 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

163. CSO cannot admit or deny the allegations in Paragraph 163 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

164. CSO cannot admit or deny the allegations in Paragraph 164 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

165. CSO cannot admit or deny the allegations in Paragraph 165 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

166. CSO cannot admit or deny the allegations in Paragraph 166 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

167. CSO cannot admit or deny the allegations in Paragraph 167 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

168. CSO cannot admit or deny the allegations in Paragraph 168 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

169. CSO cannot admit or deny the allegations in Paragraph 169 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

170. Admitted.

171. Admitted.

172. Admitted.

173. Admitted.

174. Admitted.

175. Admitted.

176. Admitted.

177. Admitted.

178. Admitted.

179. CSO admits that Peeples sent the email but cannot admit or deny their purported reasons for doing so.

180. Admitted.

181. Denied.

182. Denied.

183. CSO admits only so much of Paragraph 183 that alleges that Ms. Walters told Peeples that their request to work from home had not been granted.

184. Admitted.

185. CSO cannot admit or deny the allegations in Paragraph 185 because of insufficient knowledge, and, thus, leaves Plaintiff to their proof.

186. Admitted.

187. Denied.

188. CSO denies that it implied termination but admits the remaining allegations in Paragraph 188.

## Count I – Disability Discrimination
### (42 U.S.C. § 12112)

189. CSO repeats and realleges its answers to Paragraphs 1-188, as if fully incorporated herein.

190. Denied.

191. Denied.

192. Denied.

193. Denied.

## Count II – Disability Discrimination
### (M.G.L. ch. 151B, § 4(16))

194. CSO repeats and realleges its answers to Paragraphs 1-193, as if fully incorporated herein.

195. Denied.

196. Denied.

197. Denied.

198. Denied.

199. Denied.

## Prayer for Relief

No answer to Plaintiff's Prayer for Relief is required.

## Jury Demand

CSO demand a jury trial on all counts so triable.

## Affirmative Defenses

### First Affirmative Defense

Plaintiff cannot prevail, in whole or in part, because CSO is immune from suit as a charitable organization.

### Second Affirmative Defense

Plaintiff cannot prevail, in whole or in part, because they have not stated a claim under the ADA for which relief may be granted.

### Third Affirmative Defense

Plaintiff cannot prevail, in whole or in part, because they have not stated a claim under M.G.L. c. 151B for which relief may be granted.

Respectfully Submitted,

/s/ Timothy F. Murphy
Timothy F. Murphy, Esq.
BBO No. 556429
Counsel for Defendant
Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Tel.:  (413) 737-4753/Fax:  (413) 787-1941
E-Mail:  tmurphy@skoler-abbott.com

Dated:  September 24, 2020

## CERTIFICATE OF SERVICE

  I hereby certify that a true and accurate copy of the above document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on September 24, 2020.

            /s/ Timothy F. Murphy
            Timothy F. Murphy, Esq.